

Eugene Iredale
egiredale@iredalelaw.com

**October 9, 2020**

**VIA ECF**
Hon. Denise L. Cote
United States Courthouse
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      RE:   *Securities and Exchange Commission v. Donald G. Blakstad, et al.*
            *1:20-cv-163-DLC*

Your Honor,

    I write pursuant to the Court's order of September 11, 2020 to address the complaint in intervention and for interpleader by plaintiff/intervener Eric Amos. I have filed an answer in opposition to Eric Amos' "Original Complaint In Intervention And For Interpleader" on behalf of the three named defendants.

    The answer raises basic issues: the lack of adequate allegations of the basis for jurisdiction; improper venue; failure to name the Canadian Corporation, XACT Technologies Ltd., which is an indispensable party.

    As set forth in the complaint and the attached affidavit of Robert Knutson, defendants' fundamental objection is that Mr. Amos' request for relief is not properly adjudicated as an interpleader action. First, it is based on a stock purchase agreement (both parties have attached it to their pleadings). Defendants dispute that Mr. Amos may proceed as he seeks. His claim relies on the assumption that he has complied in all respects with the agreement, defendants have failed to exercise their option, and that there is no dispute that the amount in question is $750,000. As detailed in the Answer and the attached affidavit, defendants assert that Mr. Amos violated his obligations under the purchase agreement and prevented them from the exercise of the option. In any event, given that Mr. Amos undisputedly did not pay $750,000 at the time he was required to do so, he may not now, in this interpleader action, force the return of stock, which had been properly acquired. The reason this dispute arises is because, partly as a result of defendants' assistance in obtaining a significant line of credit for XACT

Technologies Canada, and their locating, negotiating for and securing a warehouse space in Texas for XACT to operate in the U.S., the 15% interest they hold is believed to be worth significantly more than the $750,000 Mr. Amos seeks now to belatedly proffer.

      I should bring to the Court's attention additional information.  XACT Holdings has four investors besides Mr. Blakstad.  I answer on behalf of Mr. Blakstad and XACT Holdings.  The SEC has alleged that Mr. Blakstad made misrepresentations to the investors.  While he denies that, the investors have an independent interest in insuring that they can recover the money they invested.  I do not represent them, and given the SEC allegations could not properly do so.  I believe those investors should be given an opportunity to be heard on their preference in this matter.

      The defendants oppose the requests of Mr. Amos to deposit funds, to enjoin legal action, to order defendants to reconvey their interest in XACT Technologies, and for attorney's fees.  The purpose of the Federal Rules of Civil Procedure is to secure "the just, speedy, and inexpensive determination of every action and proceeding."  Amos' invocation of intervention for the purpose of interpleader will needlessly complicate the resolution of this case by injecting satellite contract litigation into the SEC action.

      Finally, I note that Mr. Blakstad wishes to file an answer to the underlying SEC Complaint.  He did not receive the copy of the SEC complaint which was left with an unidentified "security guard" at his apartment.  The SEC counsel has informed me he does not object to a lifting of the stay to permit Mr. Blakstad's answer to be filed.  I propose to do so next week in the interest of procedural regularity.

      I appreciate Your Honor's attention to this matter.

      Respectfully submitted,

      Eugene G. Iredale