```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                         Plaintiff,       :    20cv163 (DLC)
           -v-                            :
                                          :         ORDER
DONALD G. BLAKSTAD, ENERGY SOURCES        :
INTERNATIONAL CORPORATION, and XACT       :
HOLDINGS CORPORATION,                     :
                                          :
                         Defendants.      :
                                          :
-----------------------------------------X
-----------------------------------------X
                                          :
ERIC AMOS,                                :
                                          :
                         Interpleader     :
                         Plaintiff,       :
           -v-                            :
                                          :
DONALD G. BLAKSTAD, ENERGY SOURCES        :
INTERNATIONAL CORPORATION, and XACT       :
HOLDINGS CORPORATION,                     :
                                          :
                         Interpleader     :
                         Defendants.      :
                                          :
-----------------------------------------X
```

DENISE COTE, District Judge:

On September 8, 2020, intervenor Eric Amos requested an order allowing him to deposit $750,000 (the "Funds") in the Court's registry pursuant to Rule 22 and 28 U.S.C. § 1335. Defendant Donald Blakstad opposed the request on October 9. Plaintiff the Securities and Exchange Commission ("SEC") filed

an answer in support of Amos's petition on October 16.  On the same day, Amos filed a reply in further support of his request.

Amos seeks to return the Funds pursuant to a redemption provision set forth in a March 2019 stock purchase/option agreement (the "Purchase Agreement") with Blakstad's company, Xact Holdings Corporation ("Xact Holdings").  Under the Purchase Agreement, Xact Holdings purchased 15% of the shares in XACT Technologies, Ltd. in exchange for the Funds.  Under the Purchase Agreement, Xact Holdings would purchase the remainder of XACT Technologies, Ltd. at two call options.  Pursuant to a redemption provision,

> [i]f for any reason [Xact Holdings] declines and fails to exercise the First Call Option and pay [Amos] its exercise price of $4,250,000, [Amos] shall then have the option to retain the $750,000 initial payment with [Xact Holdings] continuing to own 15% of [X-ACT Technologies, Ltd.], or to return the $750,000 payment without interest to [Xact Holdings] resulting in [Amos] again owning 100% of [X-ACT Technologies, Ltd.] with [Xact Holdings] having no further ownership interest in [X-ACT Technologies, Ltd.].

It is undisputed that Xact Holdings did not exercise the First Call Option.  Amos seeks through this interpleader action to vindicate his contractual right to return the Funds to Blakstad and regain full control of XACT Technologies, Ltd. After learning of the Government's enforcement actions against Blakstad, however, Amos represents that he was unsure of whether

he could return the Funds to Blakstad or whether the Funds would have to be turned over the SEC at the conclusion of this action.

The SEC filed suit against Blakstad on January 8, 2020 (the "underlying action").  In the underlying action, the SEC alleges that Blakstad violated federal securities laws when he solicited investments in three companies, but used a majority of those investor proceeds for personal expenses and to fund other illicit securities trading.  The SEC now seeks an order allowing Amos to deposit the Funds in the Court's registry so that they may be used to satisfy any disgorgement award in the underlying action and be returned to investors it says Blakstad defrauded.[1]

Blakstad disclaims an interest in the Funds and seeks instead to retain his 15% stake in XACT Technologies, Ltd. Blakstad raises several objections to an order granting Amos's interpleader request.  He asserts that this Court is without jurisdiction to proceed under Rule 22, Fed. R. Civ. P.; that venue is inappropriate; that Amos is not an innocent or disinterested stakeholder; that this interpleader action is untimely; that Amos has failed to join indispensable parties;

---

[1] On March 13, the United States Attorney's Office for the Southern District of New York requested to intervene in this action and for a stay in light of a parallel criminal proceeding concerning.  See United States v. Donald Blakstad, 19CR486-ER (S.D.N.Y.).  The criminal action is scheduled to proceed to trial on June 21, 2021.  This civil action was stayed on March 18.  The stay was lifted for the limited purpose of this interpleader action on September 3.

and that Amos is not entitled to exercise the redemption provision because Amos breached the Purchase Agreement. Neither the SEC nor Amos address the jurisdictional issue. Accordingly, it is hereby

ORDERED that the SEC and any other party who wishes to be heard regarding jurisdiction shall, by **December 3, 2020,** address whether jurisdiction exists for this interpleader action under either Rule 22 or 28 U.S.C. § 1335.

SO ORDERED:

Dated:   New York, New York
         November 13, 2020

```
                              _____
                              DENISE COTE
                              United States District Judge
```