UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

DONALD G. BLAKSTAD, et al.,

Defendants.

1:20-cv-00163-DLC

PLAINTIFF SECURITIES AND EXCHANGE  COMMISSION'S
BRIEF IN SUPPORT OF SUBJECT MATTER JURISDICTION
OF ERIC AMOS'S INTERPLEADER ACTION

Plaintiff Securities and Exchange Commission (the "Commission") hereby submits

this brief pursuant to the Court's November 13, 2020, Order [ECF Doc. No. 69] in support of

subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 22 of Eric

Amos's Original Complaint in Intervention and for Interpleader [ECF Doc. No. 43].[1]

## ARGUMENT

The Commission alleges that the $750,000 at issue in Eric Amos's interpleader action

are, in fact, ill-gotten gains from Defendant Blakstad's and Xact Holdings's fraudulent

scheme.  Compl. ¶ 44.  As such, the question as to who should have rightful title to those

---

[1]     Subject matter jurisdiction does not lie pursuant to 28 U.S.C. § 1335 because "[t]he
United States, for the purposes of interpleader statute, is not a citizen of any state," which
is a requirement for statutory interpleader jurisdiction.  *Kent v. Northern California
Regional Office of Am. Friends Service Committee*, 497 F.2d 1325, 1327 (9th Cir. 1974).

funds is a federal question properly before this Court.  In opposing Eric Amos's motion to intervene and interplead in this action, Defendants claim:  "Because interpleader is a procedural device and Amos' complaint asserts no substantial federal law basis for his claims, there is no federal question jurisdiction here.  Amos may not seek to 'piggyback' his claim on the SEC action to argue that it is a substantive federal law claim."  Opp. and Ans. ¶ 46.  Defendants' contentions are wrong.  As described below, this Court has federal subject matter jurisdiction over Amos's interpleader action because:  (1) the action requesting relief arises out of the Commission's case alleging violations of the federal securities laws; and (2) the Commission has a potential relief defendant claim against Amos to disgorge the $750,000 in investors proceeds to which he concedes that he no longer has a legitimate claim.

"[I]nterpleader is a procedural device which enables a person holding money or property conceded to belong to another to join two or more parties asserting mutually exclusive claims to the fund in a single suit, thereby avoiding multiple liability which might arise from inconsistent adverse determinations of liability in separate suits against him." *Trowbridge v. Prudential Ins. Co. of America*, 322 F. Supp. 190, 192 (S.D.N.Y. 1971).  It is "the normal duty of a district court to permit interpleader liberally to relieve parties of the hazards and vexations of conflicting claims against them."  *Underwriters at Lloyd's v. Nichols*, 363 F.2d 357, 365-66 (8th Cir. 1966) (quoting *Bierman v. Marcus*, 246 F.2d 200, 203 (3d Cir. 1957)).

"Subject matter jurisdiction in interpleader actions brought under Rule 22 . . . must be based on the general jurisdiction statutes applicable to civil actions in federal court." *Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084, 1090 (D. Haw. 2007).  In other words, subject matter jurisdiction must be established by either federal question jurisdiction or diversity

jurisdiction.  *Sun Life Assur. Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990).  In interpleader actions under Rule 22, "federal question jurisdiction exists if such jurisdiction would have existed in a coercive action by the defendant"—which here includes the Commission—even if "the plaintiff's claim does not raise a federal question." *Commercial Union Ins. Co. v. U.S.*, 999 F. 2d 581, 585, (D.C. Cir. 1993) (quoting *Bell & Beckwith v. United States*, 766 F. 2d 910, 914 (6th Cir. 1985)).

Federal question subject matter jurisdiction exists over Amos's interpleader action. The Court's decision in *Salomon Smith Barney, Inc. v. McDonnell* finding subject matter jurisdiction over an interpleader action in connection with the Commission's claim to ill-gotten gains is instructive here.  201 F.R.D. 297 (S.D.N.Y. 2001).  "[A] federal question exists if the complaint states a federal claim that provides legal entitlement to a remedy because . . . 'A suit arises under the law that creates the cause of action.'"  *McDonnell*, 201 F.R.D. at 302 (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).  Here, as in *McDonnell*, interpleader Amos alleges in his complaint that his interpleader action for relief arises out of the Commission's federal securities lawsuit alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934.  *Id.* ("[Interpleader] has pled on the face of a well-pleaded complaint that its interpleader action for relief arises out of this Court's April 2000 order, a Federal court order issued in relation to a federal disgorgement judgment entered for violations of the Securities Act of 1933 and the Securities and Exchange Act of 1934."); Interpleader Compl. ¶ 21 ("There are multiple claims asserted against the Funds subject to this interpleader by the SEC and by Xact Holdings."), ¶ 23 (The Commission "seeks to 'disgorge all ill-gotten gains or unjust enrichment derived from activities set forth" in these proceedings.  Thus, pending the

resolution of these proceedings, the SEC likely will make an independent claim that is adverse to Xact Holdings's claim to the Funds.").  Accordingly, federal question subject matter jurisdiction exists here over Amos's interpleader action.

Furthermore, "an interpleader plaintiff . . . may invoke federal question jurisdiction based on a defense to a claim that would raise a federal question if an interpleader defendant, such as the SEC here, could assert a claim to the stake in a coercive action, that is, an action seeking affirmative relief from the interpleader plaintiff."  *McDonnell*, 201 F.R.D. at 303. Here, the Commission could assert a relief defendant claim against Amos requesting disgorgement of the $750,000 in investor funds because:  (1) the $750,000 Amos received was derived from Defendant Blakstad's and Xact Holdings's offering fraud;[2] and (2) Amos has no legitimate basis to maintain the $750,000 given that he is exercising his right under the Stock Purchase Agreement to terminate the sale.[3]  *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998) ("Federal courts may order equitable relief against a person who is not accused of wrongdoing in a securities enforcement action where that person:  (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds.").  The fact that the Commission has not filed any such action against Amos does not change the jurisdictional analysis.  *See U.S. v. Major Oil Corp.*, 583 F.2d 1152, 1157 (10th Cir. 1978) ("[T]he remedy of interpleader is not limited to an original action by a plaintiff stakeholder (here IRS) but is equally available to a defendant exposed to a threat of multiple liability."); *see also Dakota*

---

[2]     Interpleader Compl. ¶ 16 ("'[T]he $750,000 that Blakstad and [X]-Act Holdings paid to X-ACT Technologies consisted of funds fraudulently obtained from investors in X-Act Holdings, and Blakstad used the vast majority of the remaining investor funds for his personal benefit.'").

[3]     *Id*. ¶ 15 ("[P]ursuant to the Agreement, Amos wishes to exercise his right to return the $750,000 initial payment, resulting in Amos again owning 100% of X-ACT Technologies").

4

*Livestock Co. v. Keim*, 552 F.2d 1302, 1308 (8th Cir. 1977) ("[Interpleader] jurisdiction extends to potential claims as well as to claims that have actually been made when suit is filed.").

Accordingly, the Commission respectfully submits that this Court has federal question subject matter jurisdiction over Amos's interpleader action pursuant to Rule 22.

Dated:  December 2, 2020                    Respectfully Submitted,

Christopher R. Kelly
Jennifer C. Barry*
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA  19103
(215) 597-3100
KellyCR@sec.gov

* Admitted *pro hac vice*