```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                          Plaintiff,      :   20cv163 (DLC)
            -v-                           :
                                          :   OPINION AND ORDER
DONALD G. BLAKSTAD, ENERGY SOURCES        :
INTERNATIONAL CORPORATION, and XACT       :
HOLDINGS CORPORATION,                     :
                                          :
                          Defendants.     :
                                          :
-----------------------------------------X
-----------------------------------------X
                                          :
ERIC AMOS,                                :
                                          :
                          Interpleader    :
                          Plaintiff,      :
            -v-                           :
                                          :
DONALD G. BLAKSTAD, ENERGY SOURCES        :
INTERNATIONAL CORPORATION, XACT           :
HOLDINGS CORPORATION, and SECURITIES      :
AND EXCHANGE COMMISSION,                  :
                                          :
                          Interpleader    :
                          Defendants.     :
                                          :
-----------------------------------------X
```

DENISE COTE, District Judge:

Intervenor Eric Amos seeks to deposit $750,000 in the court's registry pursuant to Rule 22, Fed. R. Civ. P. Defendants Donald Blakstad, Energy Sources International Corporation ("ESI"), and Xact Holdings Corporation ("Xact Holdings") oppose Amos' request.  For the following reasons,

Amos' is permitted to deposit the subject funds in the court's registry.

## Background

The following facts are taken from the materials submitted in connection with this motion. Amos is a citizen of Calgary, Canada and serves as the President of XACT Technologies USA Corporation ("XACT Technologies").[1] Blakstad, a resident of California and Nevada, owns and operates ESI and Xact Holdings. ESI is a Nevada corporation with its a principal place of business in California, and Xact Holdings is a Delaware Corporation.

The Purchase Agreement

In March 2019, Amos and XACT Technologies executed a stock purchase/option agreement with Xact Holdings whereby Xact Holdings agreed to purchase XACT Technologies (the "Purchase Agreement"). Xact Holdings made an initial payment of $750,000 (i.e., the "Funds") to Amos in exchange for 15% of the shares in XACT Technologies. The remainder of the shares in XACT Technologies was to be purchased through the exercise of two call options.

---

[1] Amos' refers to his company as "XACT Technologies USA Corporation," "XACT Technologies, Ltd.," and "XACT Technologies, Inc." This Opinion assumes that those entities are identical and refers to each as "XACT Technologies."

The first of these call options was set for March 31, 2020 ("First Call Option").  Specifically, the Purchase Agreement gave Xact Holdings "the right to purchase an additional 35% ownership of [XACT Technologies] in consideration for $4,250,000 in US currency payment by [Xact Holdings] to [Amos], resulting in [Xact Holdings] then owning 50%."

The Purchase Agreement also gave Amos the right to repurchase his shares in XACT Technologies ("Repurchase Provision") in the event the First Call Option was not exercised:

> If for any reason [Xact Holdings] declines and fails to exercise the First Call Option and pay [Amos] its exercise price of $4,250,000, [Amos] shall then have the option to retain the $750,000 initial payment with [Xact Holdings] continuing to own 15% of [XACT Technologies], or to return the $750,000 payment without interest to [Xact Holdings] resulting in [Amos] again owning 100% of [XACT Technologies] with [Xact Holdings] having no further ownership interest in [XACT Technologies].

Xact Holdings did not execute the First Call Option on March 31 or anytime thereafter.  Amos represents that he wishes to exercise his right under the Purchase Agreement to return the Funds to Blakstad and regain 100% control of XACT Technologies.

The Underlying Action

The SEC sued the defendants in this court on January 8, 2020 (the "Underlying Action").  The SEC alleges that Blakstad solicited investments in three companies, including ESI and Xact

3

Holdings, but in fact used the solicited funds for personal expenses. That solicitation and diversion, the SEC asserts, violated § 17(a) of the Securities Act of 1933 and § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.

On March 13, the United States Attorney's Office for the Southern District of New York requested to intervene in the Underlying Action and requested a stay in light of a parallel criminal proceeding. See United States v. Donald Blakstad, 19CR486-ER (S.D.N.Y.). This civil action was stayed on March 18.

On May 20, the SEC informed Amos of the civil and criminal proceedings against Blakstad in this district, and that the Funds consisted of investments that Blakstad acquired through the alleged fraud. Accordingly, Amos indicates, he was unsure of whether he could return the Funds to Blakstad pursuant to the Repurchase Provision or whether the Funds would have to be turned over to the SEC at the conclusion of the Underlying Action.

On September 2, Amos moved to intervene in this action for the limited purpose of filing an interpleader action pursuant to Rule 22, Fed. R. Civ. P., to deposit the Funds in the court's registry. The SEC did not oppose the request to intervene. An Order of September 3 lifted the stay to allow Amos to file his request to intervene.

On September 4, Amos filed his complaint in intervention. Blakstad filed an answer to the interpleader complaint on October 9, objecting to Amos' requested relief. The SEC filed an answer to the interpleader complaint on October 16 supporting Amos' application. On that same day, Amos filed a reply in further support of his deposit of the Funds.

In addition to seeking permission to deposit the Funds into the court's registry, Amos' complaint in intervention requests that he be relieved of all claims to the Funds and that Blakstad and the SEC be enjoined from further litigation against Amos related to the Funds. Amos' memorandum in support of this petition, however, represents that the "sole purpose" of this interpleader action is to "deposit[] the Funds into the registry of the Court." Doing so, Amos states, "does not dispose of, bar, or somehow dissolve" claims that Blakstad may have against Amos. The SEC likewise represents that "the only question" now presented is whether Amos may interplead the Funds "pending final disposition" of the Underlying Action.

On November 13, the Court ordered the SEC and any other party wishing to be heard to submit memoranda addressing the Court's jurisdiction over this interpleader action. The SEC and Amos filed memoranda as did two nonparties: David Schroedl, trustee of the Schroedl Family Trust UTA and Constantine Buzunis on behalf of himself and others.

**Discussion**

Rule 22, Fed. R. Civ. P., allows interpleader actions when there are "claims that may expose a plaintiff to double or multiple liability." Fed. R. Civ. P. 22(1) (emphasis supplied). "Rooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund." Washington Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993). The competing claims need not have a common origin, as long as they are "adverse to and independent." Fed. R. Civ. P. 22(1).

The availability of interpleader relief does not depend on the merits of the underlying claims against the stakeholder. John Hancock Mut. Life Ins. Co. v. Kraft, 200 F.2d 952, 954 (2d Cir. 1953). Rather, "what triggers interpleader is a real and reasonable fear of double liability or vexatious, conflicting claims." Washington Elec., 985 F.2d at 679 (citation omitted). The Supreme Court has instructed that interpleader is a "remedial" device and, as such, should be liberally applied. State Farm & Casualty Co. v. Tashire, 386 U.S. 523, 533 (1967). An interpleader action proceeds in two stages: "the first to determine whether the stakeholder is entitled to bring the action, and the second to determine the rights of the competing

claimants to the fund." Avant Petroleum, Inc. v. Banque Paribas, 853 F.2d 140, 143 (2d Cir. 1988).

At the first stage, courts must be careful "to draw the distinction between the act of depositing funds into the district court registry and the judicial act of discharging the depositor of any further liability." In re T.S.C. Seiber Servs., L.C., 771 F.3d 246, 252 (5th Cir. 2014). "Simply depositing interpleader funds does not automatically mean that the funds have been legally accepted, ownership thereof transferred, and the interpleader relieved of further duty to the court or further obligation to the parties of the dispute." Id.

Rule 22 requires an independent basis of subject matter jurisdiction; either upon a federal question or diversity of citizenship, as provided in 28 U.S.C. §§ 1331, 1332. See Fed. R. Civ. P. Rule 22; Correspondent Servs. Corp. v. First Equities Corp. of Florida, 338 F.3d 119, 124 (2d Cir. 2003). As is relevant here, "federal question jurisdiction exists if such jurisdiction would have existed in a coercive action by the defendant" even if "the plaintiff's claim does not raise a federal question." Commercial Union Ins. Co. v. U.S., 999 F. 2d 581, 585, (D.C. Cir. 1993); see also, e.g., Salomon Smith Barney, Inc. v. McDonnell, 201 F.R.D. 297, 303 (S.D.N.Y. 2001) (finding federal question jurisdiction where the SEC "could

assert a claim to the stake in a coercive action, that is, an action seeking affirmative relief from the interpleader plaintiff").

The SEC's action against Blakstad alleges violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 and therefore arises out of federal law.  Amos seeks to interplead the Funds in order to avoid the effect of a disgorgement order that may accompany judgment in the Underlying Action.  Because the SEC's claim to those funds arises out of federal law, Amos' petition does as well.

In a federal question action, venue is proper in any "[j]udicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).  As alleged in the SEC's compliant in the Underlying Action, Blakstad's violations of federal securities laws occurred in the Southern District of New York. Because the SEC's potential claim to the funds arises out of that conduct, venue exists here.

Amos seeks to deposit the Funds in the court registry. That request implicates the first phase of interpleader and is granted.  His complaint in intervention sets forth a reasonable fear that the Funds will be subject to multiple claims. Blakstad may have a claim to the Funds pursuant to the Purchase

8

Agreement.  The SEC may seek disgorgement of the Funds should it prevail in the Underlying Action.  Amos need not guess as to which of these potential, conflicting claims he should honor.  That neither of these claims has ripened is of no consequence; Rule 22 requires only the potential existence of adverse claims.

Blakstad raises several arguments in opposition to the request.  Blakstad principally argues that Amos is attempting to compel Xact Holdings into a "forced resale" of its shares of XACT Technologies.  Blakstad disputes that there are adverse claimants because neither he nor the other defendants want the Funds.  He submits that Amos is not entitled to invoke the Repurchase Provision because Amos breached the Purchase Agreement.  And, Blakstad argues, the value of XACT Technologies has increased such that the 15% stake that Amos seeks to reclaim is worth far more than the $750,000 that Blakstad may receive pursuant to the Repurchase Provision.  Finally, Blakstad argues that this interpleader action is missing indispensable parties: XACT Technologies and four other investors in Xact Holdings.

Given the limited scope of this action, these objections are unpersuasive.  Each assumes that the effect of this ruling is to divest Blakstad of his interest in XACT Technologies.  Not so.  All that is being decided is whether the Funds may be deposited into the court's registry.  This ruling takes no position on whether Amos has complied with the Repurchase

Provision or whether he has regained full ownership of XACT Technologies.  As Amos concedes, a merits adjudication is unnecessary at this time.  This ruling does not disturb the rights of Blakstad or any other party to the shares of XACT Technologies.  Accordingly, Blakstad's concerns about a "forced resale," Amos' breaches of the Purchase Agreement, or the rights of absentee parties do not prevent the deposit.

Moreover, whether Blakstad now claims an interest in the Funds is irrelevant.  As explained above, an interpleader action may proceed past the first stage -- deposit of the property -- on the basis of the existence of potential adverse claimants.

Blakstad next asserts in a single, conclusory sentence that Amos is guilty of laches and has waived his right to seek interpleader.  To assert a defense of laches, a defendant must "establish both plaintiff's unreasonable lack of diligence under the circumstances in initiating an action, as well as prejudice from such a delay." Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 326 (2d Cir. 2004) (citation omitted).

> A defendant has been prejudiced by a delay when the assertion of a claim available some time ago would be inequitable in light of the delay in bringing that claim.  Specifically, prejudice ensues when a defendant has changed his position in a way that would not have occurred if the plaintiff had not delayed.

Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 192 (2d Cir. 1996) (citation omitted).  The touchstone of this inquiry is

fairness. Merrill Lynch Inv. Managers v. Optibase, Ltd., 337 F.3d 125, 132 (2d Cir. 2003).

Blakstad asserts that Amos became aware of the potential adverse claims on January 20, 2020, but did not seek interpleader until September 2020. Amos, on the other hand, claims to have learned of the Underlying Action upon receipt of the SEC's letter on May 20, 2020. Regardless of when Amos learned of the SEC's litigation, Blakstad's assertion of laches fails because he cannot show that he has suffered prejudice.[2]

## Conclusion

Amos' September 4 motion is granted. The Funds shall be deposited into the court's registry.

Dated:    New York, New York
          December 17, 2020

_____
DENISE COTE
United States District Judge

---

[2] Amos requests attorneys' fees. "A disinterested stakeholder who asserts interpleader is entitled to be awarded costs and attorney's fees." Septembertide Pub., B.V. v. Stein and Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989); see also Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965). Insofar as Amos no longer seeks -- and is not granted -- a discharge of liability, his request for attorneys' fees is denied.

11